UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JERRY MEADOWS                      CIVIL ACTION NO. 22-cv-5698

VERSUS                                  JUDGE DAVID C. JOSEPH

SAM DOWIES                          MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

**Introduction**

Jerry Meadows ("Plaintiff") is an inmate incarcerated at the Claiborne Parish Detention Center. Through counsel, Plaintiff filed this action against a single defendant, Sheriff Sam Dowies, based on 42 U.S.C. § 1983 and Louisiana law arising out of Plaintiff's alleged fall while he was exiting a transport van.

Sheriff Dowies responded to the original complaint with a motion to dismiss. Plaintiff asked for leave to amend his complaint to clarify that he asserted rights under the Eighth Amendment, and the court granted leave to amend. Sheriff Dowies filed a second motion to dismiss that attacked the amended complaint for failure to state a claim on which relief may be granted. The motion was noticed for briefing, and Plaintiff's counsel requested and was granted a three-week extension of time to respond to the motion. The extended deadline has passed, and no opposition has been filed. For the reasons that follow, it is recommended that the motion to dismiss be granted by dismissing with prejudice all federal claims and dismissing without prejudice any state law claims.

**Relevant Facts**

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). Plaintiff's amended complaint (Doc. 14) alleged that he is an inmate incarcerated at the Claiborne Parish Detention Center, and Sheriff Dowies is the keeper of the detention center. Plaintiff, on October 26, 2021, was transferred by van from the state district court to the detention center. He was "fully shackled in handcuffs and his ankles were cuffed and attached to a waist chain." On arrival at the detention center, Plaintiff "was ordered to exit the van onto a make shift wooden box to step down on, that was not steady causing plaintiff to fall; defendant knew or should have known that the platform was dangerous, and not designed or built to protect the safety of inmates." ¶¶ 1-8.

Plaintiff alleged that, as a result of the fall, he "suffered significant injuries to his head, neck, back, hip waist, and ankle." "The fall left a permanent scar and disfigurement to his left eye, and significant injuries to his body." ¶ 9. Plaintiff was taken to the local hospital for "x-rays and treatment a day after his injuries; he was prescribed medication for only two weeks." "[S]ince that time, he has received minimal to no treatment for his injuries." ¶ 10.

Plaintiff alleged that "the defendant has denied plaintiff necessary medical attention" and Plaintiff has "feared for his safety and has been threatened not to continue to demand treatment." ¶ 11. Plaintiff added that the detention center was being investigated for reports of physical abuse against other inmates, so Plaintiff "discontinued his demand for medical treatment because of fear of retaliation." ¶ 12. The remainder of

Plaintiff's amended complaint generally alleged pain and suffering and asserted claims for medical expenses, lost earnings, and lost earning capacity.

**Rule 12(b)(6) Burden**

In assessing a motion to dismiss, the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff. In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). Those facts must state a claim that rises above the speculative level and is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007); Amacker v. Renaissance Asset Mgmt., LLC, 657 F.3d 252, 254 (5th Cir. 2011). A complaint is not sufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 127 S.Ct. at 1965).

**Federal Law Claims**

Plaintiff has invoked the Eighth Amendment, which prohibits the infliction of cruel and unusual punishment. It "does not mandate comfortable prisons," Rhodes v. Chapman, 101 S.Ct. 2392 (1981), but prison officials "must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 114 S.Ct. 1970 (1994). Only those deprivations that deny "the minimal civilized measure of life's necessities" are sufficiently grave to form an Eighth Amendment violation. Rhodes, 101 S.Ct. at 2399.

If a prisoner satisfies this objective component of an Eighth Amendment claim, he must also show that a prison official acted with a sufficiently culpable state of mind. In

prison condition of confinement cases, that state of mind is the "deliberate indifference" standard that is often applied in medical care claims. <u>Wilson v. Seiter</u>, 111 S.Ct. 2321, 2326-27 (1991). A prison official does not run afoul of that standard "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer</u>, 114 S.Ct. at 1979.

The same standard applies to Eighth Amendment claims regarding medical care. The Eighth Amendment rights of prisoners are violated when a prison official demonstrates deliberate indifference to serious medical needs, which constitutes an "unnecessary and wanton infliction of pain." <u>Estelle v. Gamble</u>, 97 S.Ct. 285, 291 (1976). A serious medical need is "one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." <u>Gobert v. Caldwell</u>, 463 F.3d 339, 345 n. 12 (5th Cir. 2006). Deliberate indifference will be found only where the prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." <u>Farmer</u>, 114 S.Ct. at 1984. Neither unsuccessful medical treatment, mere acts of negligence, nor medical malpractice give rise to deliberate indifference. <u>Gobert</u>, 463 F.3d at 346.

The only defendant in this action is Sheriff Sam Dowies. The sheriff can be held liable under Section 1983 only for his own acts or omissions. The doctrine of respondeat superior does not apply, so Section 1983 does not permit a cause of action based on the conduct of subordinates. <u>Stewart v. Murphy</u>, 174 F.3d 530, 536 (5th Cir. 1999). To state a cause of action under Section 1983, the plaintiff "must identify defendants who were

either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995).

Plaintiff makes no allegation that the sheriff was personally involved in Plaintiff's transport, the use of the box to unload him, or any decisions regarding Plaintiff's medical care. Plaintiff alleged in paragraphs five and six that the sheriff, as chief law enforcement officer, "is responsible" for transferring inmates and making sure they receive proper medical care. But "[s]upervisors cannot be held liable for constitutional violations committed within the jail if they had no personal involvement." Sanchez v. Young Cnty., Texas, 866 F.3d 274, 281 (5th Cir. 2017), citing Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987).

The facts alleged do not come close to alleging a plausible Eighth Amendment violation against Sheriff Dowies with respect to Plaintiff's alleged fall and related medical care. There is no allegation that the sheriff was personally involved, and there is not even an implication that he had sufficient knowledge of the circumstances to provide a basis for finding that he was deliberately indifferent to a serious safety or medical need. Plaintiff's general allegation that the sheriff is in charge of or responsible for the jail does not describe the degree of personal involvement required to make the sheriff potentially liable under Section 1983.

To the extent Plaintiff might attempt to base a federal claim on negligence, Section 1983 does not provide a cause of action against a state official for a mere negligent act that causes unintended injury. Daniels v. Williams, 106 S.Ct. 662 (1986) (affirming dismissal

of inmate's claim that he slipped on a pillow negligently left on the stairs by a deputy); Andrews v. Belt, 274 Fed. Appx. 359, 360 (5th Cir. 2008) ("Andrews's assertion that the defendant may have known about the leaky toilet but failed to repair it at most alleges negligence, which is not actionable under § 1983"); and McLaughlin v. Farries, 122 Fed. Appx. 692 (5th Cir. 2004) (no evidence of Eighth Amendment violation where inmate "slipped on water that had accumulated on the floor of his cell due to a leaky air conditioning unit," and "defendants were aware of the leaky air conditioning unit and negligently failed to clean up the water" because he, at most, "alleged a claim of negligence").

Plaintiff's amended complaint does not specify whether it attempts to assert claims against the sheriff in his individual or official capacity. Any individual capacity claims were addressed above. To assert an official capacity claim, the complaint would have to allege a custom or policy of the sheriff that caused the alleged violation of Plaintiff's constitutional rights. Guillot on behalf of T.A.G. v. Russell, 59 F.4th 743, 751 (5th Cir. 2023). "The description of a policy or a custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." Spiller v. City of Texas City, 130 F.3d 162, 167 (5th Cir. 1997). Plaintiff's amended complaint does not offer even a conclusory allegation of a custom or policy that served as the moving force behind any of his claimed violations, so the complaint does not support an official capacity claim. The complaint does not provide a plausible basis for any federal claim.

**State Law Claims**

Plaintiff has asserted a state law claim for negligence. If Plaintiff were able to establish that a deputy was negligent, then the sheriff could be vicariously liable under state law. There may be a plausible basis for a negligence claim, but it does not warrant the exercise of the court's supplemental jurisdiction to hear it on the merits.

Plaintiff has not invoked diversity jurisdiction under 28 U.S.C. § 1332, and it appears that both the sheriff and Plaintiff are citizens of Louisiana. Accordingly, the only basis for this court to exercise jurisdiction over those claims is supplemental jurisdiction pursuant to 28 U. S. C. § 1367. That supplemental jurisdiction depends upon the presence of the federal claims over which the court has original jurisdiction. Once the federal claims are dismissed, Section 1367(c)(3) provides that the court may decline to exercise supplemental jurisdiction over any remaining state law claims.

The general rule is that state law claims should be dismissed once the federal claims have been dismissed. Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 585 (5th Cir. 1992); Engstrom v. First National Bank of Eagle Lake, 47 F.3d 1459, 1465 (5th Cir. 1995). The federal claims in this case appear to be headed toward an early dismissal, so the best exercise of the court's discretion in these circumstances is to decline to exercise supplemental jurisdiction over the state law claims and dismiss them without prejudice. Plaintiff can then file suit on his state law claims in state court if he acts within the time permitted by 28 U.S.C. § 1367(d). See Artis v. District of Columbia, 138 S.Ct. 594 (2018).

Accordingly,

It is recommended that Sheriff Dowies' Motion to Dismiss (Doc. 15) be granted by dismissing with prejudice all federal claims asserted in the complaint and dismissing without prejudice any state law claims asserted in the complaint.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of March, 2023.

Mark L. Hornsby
U.S. Magistrate Judge